UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HENRY COX, | |
| Plaintiff, | ORDER OF DISMISSAL |
| -against- | 25 Civ. 10841 (GBD) |
| THEE UNITED STATES OF AMERICA, | |
| Defendant. | |

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant "Thee United States of America" violated his rights. By order dated March 26, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## I.   BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff references the Freedom of Information Act ("FOIA"), and states that he is seeking "all files there-in and government equitement that gives freedom and liberty to all acting as world power one seek in leadership and support of future." (ECF 1, at 1.) He alleges,

> Our kids and families suffer learning and building with mental scars[.] These scars we given to each other we carried for to long through the mercy of the courts we as plaintiff seek more support in that direction with this argument as a extention of law in the current civil complaint.

(*Id.*)

---

[1] Plaintiff filed the complaint in this action without the filing fees or an IFP and prisoner authorization. By order dated January 13, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency. (ECF 3.) The Court received Plaintiff's IFP application and prisoner authorization on January 30, 2026.

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff further alleges that "files [are] being collected by females" and that "[o]nce one is detached from mom at birth they have free will but the mother is still the holder of the files." (*Id.* at 2.) While "others would go to John Doe to try to rewrite they life outside the 22 paths to say they gave birth to they self," females "gave men and woman looking to figure it out all the space they need until it started to not add up so they turned inward for answers or a man name Henry Cox plaintiff or father of family and/or death or the history behind being stoic." (*Id.*) "A FOIA [request] is all one need[s] to push us in the right direction." (*Id.* at 3.) "The files the plaintiff seek[s] are the keys to our future starting with the female." (*Id.*)

Plaintiff further alleges,

> The defendants also use interactive computer programming to control what you hear, taste, touch, and smell the same way they could use someone voice to make you think they voted and the equipment says it's the person voice you seen is how you stick it so it look like you have that person track and then you can make they life a living hell without no one moving because they think it's they track.

(*Id.*)

## II. LEGAL STANDARD

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction on the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude"

in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a).

### III. PLAINTIFF'S CLAIMS ARE DISMISSED

Plaintiff's complaint lacks a plausible factual basis and is accordingly dismissed as frivolous. Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that females have collected "files" when giving birth, those files are the "keys to our future," and that the government is controlling people's sense of "hear, taste, touch, and smell." (ECF 1, at 3.) But a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and*

3

*recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions regarding the existence of these "files" and the government's ability to control an individual's senses. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts "demonstrating the basis for the information and belief."); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Here, Plaintiff has not provided any plausible factual support his claims, only a narrative of what he believes. *See Livingston*, 141 F.3d at 437. His allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652 (JBF) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.   LEAVE TO AMEND IS DENIED

Leave to amend is denied because the defects in the complaint cannot be cured. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile and the court is satisfied that the complaint is frivolous. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v.*

*Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding the district court did not err in dismissing the claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend.

## V.    CONCLUSION

This Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

This Court certifies that under 28 U.S.C. § 1915(a)(3) any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    April 6, 2026
        New York, New York

                                        GEORGE B. DANIELS
                                        United States District Judge